Petitioner-Appellant, Karen Young ("Appellant"), appeals the decision of the Hancock County Court of Common Pleas, Juvenile Division, terminating her parental rights and responsibilities and granting permanent care and custody of her daughter Alicia to the Hancock County Children's Services Board ("Children's Services"). For the reasons set forth below, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. Appellant is the biological mother of six children. Appellant has had a long history with Children's Services. Numerous complaints alleging inadequate care of her children have been filed against her by Children's Services.
On May 15, 1997, three of Appellant's children, Kenny Young, d.o.b. 4-5-91, Ricky Spillman, d.o.b. 6-21-83, and Alicia Zechman, d.o.b. August 1, 1993, were adjudicated neglected and dependent children and were ordered to be placed into the care of relatives. On July 23, 1997, temporary custody of Alicia was granted to Children's Services after her relatives could no longer care for her. On January 22, 1998, Alicia was ordered to remain in the temporary custody of Children's Services.
On December 2, 1998, Children's Services filed a motion requesting permanent care and custody of Alicia. A permanent custody hearing was held on March 30, 1999. On April 7, 1999, the trial court terminated the parental rights and responsibilities of each parent and granted permanent care and custody of Alicia to Children's Services.[1]
It is from this Judgment that Appellant now appeals, asserting three assignments of error. We will address Appellant's first and second assignments of error simultaneously, as each concern a related issue raised under this appeal; whether the trial court erred in finding that Alicia should not be placed with either parent and whether the best interests of Alicia would be served if permanent care and custody of her were granted to Children's Services.
 ASSIGNMENT OF ERROR NO. I Whether the trial court erred as a matter of law in finding by clear and convincing evidence that it was in Alicia Zechman's best interest to be placed in the permanent custody of the Hancock County Department of Human Services as a result of the evidence submitted at the dispositional hearing.
 ASSIGNMENT OF ERROR NO. II Whether the trial court erred as a matter of law in finding by clear and convincing evidence that Alicia Zechman should not be placed with her mother, Appellant Karen Young[,] as a result of the evidence submitted at the dispositional hearing.
R.C. 2151.353(A)(4) authorizes a trial court to grant permanent custody to a public children's services agency in the event that a child has been adjudicated abused, neglected, or dependent. R.C. 2151.353(A)(4) provides in pertinent part as follows:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
* * *
 (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child.
Pursuant to the foregoing statute, a trial court's decision to grant permanent custody under R.C. 2151.353 must also be in accordance with R.C. 2151.414. R.C. 2151.414(D) first requires a court to find by clear and convincing evidence that permanent placement is in the child's best interest. Clear and convincing evidence has been defined as the following:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2151.414(D) also mandates that in order to resolve the best interest of the child inquiry, the court consider all relevant factors, including, but not limited to, the following four factors:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
R.C. 2151.414(E) next requires a trial court to find by clear and convincing evidence that the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. The trial court must determine whether one or more of the statute's enumerated factors exist as to each of the child's parents in order to properly enter such a finding. If none of the factors exist, a court may not grant permanent custody to the children's services agency. In re William S. (1996),75 Ohio St.3d 95, syllabus. Said factors include the following:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
Prior to commencing our inquiry, we note that decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v. Miller (1988), 37 Ohio St.3d 71. A trial court's determination in a child custody proceeding is subject to reversal only upon a showing of an abuse of discretion.Miller v. Miller (1988), 37 Ohio St.3d 71, 74. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The trial court, upon considering all of the evidence presented, and upon applying the factors enumerated in R.C.2151.414(D), found that it was in Alicia's best interest to grant permanent custody of her to Children's Services. Specifically, the evidence presented at the hearing, as it relates to Appellant, shows that she had failed continuously and repeatedly to attend scheduled meetings with her case worker, Amy Gillig, of the Hancock County Department of Human Services, and likewise failed to complete her counseling. Gillig also testified at the hearing that Appellant had failed to visit Alicia on thirty of the eighty scheduled child visitation days, and that on the occasions Appellant did visit Alicia, the two failed to sufficiently interact with each other.
Becky Shumaker, a home-based parent educator appointed by Children's Services, testified that during Appellant's visits with her daughter, Appellant was non-attentive and lacked sufficient emotional bonding with Alicia. Shumaker also testified that, in her opinion, Alicia would be at risk if placed in Appellant's custody. Diana Hoover, Administrator of the Department of Human Services' Children's Protective Services Department, also testified that Appellant was not capable of responsible parenting and, likewise, was concerned for Alicia's safety if placed in her mother's care.
Based upon the above facts and other evidence presented at the custody hearing, and after considering the factors of R.C.2151.414(D), the trial court found by clear and convincing evidence that it was in the child's best interest to terminate the parental rights of each parent and to award permanent custody of Alicia to Children's Services. Having reviewed the record in its entirety, we find that the trial court's determination as to the child's best interest is supported by clear and convincing evidence. For these reasons, we find no abuse of discretion in the trial court's decision.
We now turn to the question of whether clear and convincing evidence exists to support the trial court's determination that the child cannot be placed with either parent within a reasonable time, or should not be placed with the parents. In the case before us, the trial court found in part that the child should not be reunited with either parent pursuant to R.C. 2151.414(E)(1).
R.C. 2151.414(E)(1) requires that a parent be divested of permanent custody if:
 Following placement of the child outside of the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside of the child's home.
The trial court's judgment entry of April 7, 1999, states in pertinent part that "the parents have failed continuously and repeatedly to substantially remedy the conditions causing the child to be originally placed in foster care in January of 1998." The trial court also emphasized that Appellant had failed to show consistent progress in improving her parental skills despite a good faith effort on behalf of Children's Sevices.
Upon reviewing the record, we find that the trial court's decision with regard to this factor is clearly supported by the evidence presented at the hearing. Thus, at least one of the enumerated factors of R.C. 2151.414(E) exists as to each biological parent in the present case.[2]
Based upon the foregoing, we conclude that the trial court's decision to grant permanent custody of Alicia to Children's Services is supported by clear and convincing evidence. For these reasons, we find no abuse of discretion in the trial court's decision.
 ASSIGNMENT OF ERROR NO. III Whether the trial court had proper subject matter jurisdiction to hear Appellee's Motion for Permanent Custody of Alicia Zechman, pursuant to R.C. 2151.413(A), as Appellee Hancock County Department of Human Services did not have proper temporary custody of said minor at the time the Motion for Permanent Custody was filed.
Appellant asserts in her third assignment of error that the trial court did not have subject matter jurisdiction over the case to entertain the motion for permanent custody. Specifically, Appellant maintains that the court did not have the requisite jurisdiction to proceed with the case because Children's Services did not have temporary custody of the child at the time that the motion for permanent custody was filed.
We initially note that the issue herein does not concern whether the trial court had subject matter jurisdiction over the case to entertain such a motion. The trial court clearly had jurisdiction over the matter herein. See R.C. 2151.23 and R.C.2151.353(E)(1); see, also, Lorain County Children Services v.Keene (Mar. 5, 1997), Loraine App. No. 96CA006417, 96CA006431, unreported. The issue is whether Children's Services had the requisite standing to file a motion for permanent custody, and whether the trial court erred in entertaining that motion. See, also, Keene, supra. For the following reasons, we find that Appellee had the requisite standing to file the motion for permanent custody.
R.C. 2151.413 states in pertinent part as follows:
 (A) A public children services agency * * * that, pursuant to an order of disposition * * * is granted temporary custody of a child who is not abandoned or orphaned or of an abandoned child whose parents have been located may file a motion in the court that made the disposition of the child requesting permanent custody of the child.
In the case before us, Alicia was adjudicated a neglected and dependent child on May 15, 1997. Pursuant to the trial court's order, Alicia was then placed into the care of relatives. The trial court's judgment entry also held in pertinent part the following:
 This matter will terminate on March 31, 1998, pursuant to ORC 2151.353 [sic], unless a Motion for Modification, Extension or Termination is filed with this Court within 30 days of that date.
Appellant asserts that Children's Services did not file a motion for a modification, extension, or termination within the thirty day time limit as required under the foregoing provision. Thus, Appellant contends that Children's Services did not have temporary custody of Alicia at the time of the filing of the motion for permanent custody, as required under R.C. 2151.413.
We initially note that Appellant failed to raise the issue presented herein at the permanent custody hearing held on March 30, 1999. It is well-settled that a litigant's failure to raise an issue in the trial court generally waives the litigant's right to raise that issue on appeal. State v. Campbell (1994), 69 Ohio St.3d 38,40-1; Inscoe v. Inscoe (1997), 121 Ohio App.3d 396. Nonetheless, we will address Appellant's assignment of error.
A review of the record in this case reveals that, despite Appellant's representation to the contrary, Children's Services did file a motion for a modification of disposition with the trial court prior to the thirty day time limit as required by the trial court's judgment entry of May 15, 1997. The record reveals that Children's Services filed a motion requesting temporary custody of Alicia on July 22, 1997, because her relatives could no longer care for her. On July 23, 1997, temporary custody of Alicia was granted to Children's Services. On January 22, 1998, Alicia was again ordered to remain in the temporary custody of Children's Services.
For these reasons, we find that Children's Services did comply with the thirty day time limit as set forth within the trial court's judgment entry of May 15, 1997. Thus, as required by R.C. 2151.413, Children's Services did file its motion for permanent custody while it had temporary custody of Alicia.
Accordingly, Appellant's third assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] We note that Steven Zechman, Alicia's biological father, was present at the permanent custody hearing held on March 30, 1999, but is currently incarcerated for a sexual offense and, thus, has had limited contact with his daughter.
[2] We again note that Steven Zechman was present at the permanent custody hearing held on March 30, 1999, but is currently incarcerated for committing a sexual offense.